IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY MONTGOMERY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1954-M-BN |
| | § | |
| STERLING HOLLINS AND | § | |
| DANQUELL CAMERON, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this civil rights action, referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from Chief Judge Barbara M. G. Lynn, *see* Dkt. No. 6, Plaintiff Rodney Montgomery asserts that one Dallas police officer, Defendant Sterling Hollins, used excessive force against him, in violation of the Fourth Amendment, while other officers stood by.

Applicable to the motion now before the Court, Montgomery's claim that Defendant Danquell Cameron is liable under a theory of bystander liability survived a motion to dismiss. *See Montgomery v. Hollins*, No. 3:18-cv-1954-M-BN, 2019 WL 2424053 (N.D. Tex. May 8, 2019), *rec. accepted*, 2019 WL 2422493 (N.D. Tex. June 10, 2019). Cameron therefore answered the amended complaint on June 24, 2019, asserting the nominally affirmative defense of qualified immunity. *See* Dkt. No. 37. He then filed a court-ordered motion for summary judgment as to qualified immunity. *See* Dkt. Nos. 39, 40, & 41.

Montgomery moved for leave to conduct limited discovery in order to respond to the qualified immunity issues raised in the summary judgment motion. *See* Dkt. No. 44. Cameron failed to respond to the motion for leave as allowed by the Court. *See* Dkt. No. 43. And the Court granted the motion, *see* Dkt. No. 47, after first finding that the operative complaint alleges facts sufficient to overcome qualified immunity, *see Montgomery*, 2019 WL 2424053, at *2-*4, and that Cameron's entitlement to qualified immunity as to the claim of bystander liability turns on a factual question, *see, e.g., Garrett v. Crawford*, No. SA-15-CV-261-XR, 2016 WL 843391, at *9 (W.D. Tex. Mar. 1, 2016) ("Simply being present at the scene of the alleged use of excessive force, without more, does not give rise to a cognizable claim for failure to intervene. A necessary inquiry in a failure to intervene claim is whether the police officer 'had a reasonable opportunity to realize the excessive nature of the force and to intervene to stop it.'" (citing *Vasquez v. Chacon*, No. 3:08-cv-2046-M, 2009 WL 2169017, at *6 (N.D. Tex. July 20, 2009); quoting *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995))); *see also Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014).

On October 25, 2019, Cameron notified the Court that he served responses to the requested discovery. *See* Dkt. No. 48. And Montgomery filed his response to the motion for summary judgment on December 6, 2019. *See* Dkt. Nos. 50 & 51.

On December 19, 2019, Cameron replied:

> In response to Defendant Cameron's motion for summary judgment, Plaintiff submitted an affidavit containing a revised version of events that significantly increases the severity and duration of the force allegedly used by Defendant Hollins. Because Plaintiff's various allegations must be accepted as true for purposes of summary judgment,

-2-

>Defendant Cameron concedes that Plaintiff's convenient revisions create a genuine issue of material fact that can only be resolved at trial.

*E.g.,* Dkt. No. 52 at 1.

Review of a motion for summary judgment based on qualified immunity is accomplished in two steps, conducted in any order. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). A court must decide "whether the facts, taken in the light most favorable to the plaintiff, show the officer's conduct violated a federal constitutional or statutory right." *Luna v. Mullenix*, 773 F.3d 712, 718 (5th Cir. 2014) (citing *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014) (per curiam); *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004)), *reversed on other grounds*, 136 S. Ct. 305 (2015). Put differently, under the first prong, a court simply must decide "whether the plaintiff has alleged a violation of a constitutional right." *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008). And a court must decide "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores*, 381 F.3d at 395. This second prong of the analysis requires a court to determine "whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident." *Charles*, 522 F.3d at 511.

Here, the Court has already decided that Montgomery has alleged against Cameron a Fourth Amendment excessive force claim – under an established theory of bystander liability. *See Montgomery*, 2019 WL 2424053, at \*2-\*4; *see also Hamilton v. Kindred*, 845 F.3d 659, 663 (5th Cir. 2017) ("At the time of the incident, [in 2012,] it was clearly established in the Fifth Circuit that an officer could be liable as a

bystander in a case involving excessive force if he knew a constitutional violation was taking place and had a reasonable opportunity to prevent the harm." (citing *Hale*, 45 F.3d at 918)).

And Cameron has now conceded that Montgomery possesses evidence that supports a version of the incident that defeats his right to summary judgment on the qualified immunity defense. *See generally* Dkt. No. 52; see also *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (A court's qualified immunity inquiry at this stage requires that the Court "accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true.").

For these reasons, the Court should deny Cameron's motion for summary judgment.

## Recommendation

The Court should deny Defendant Danquell Cameron's motion for summary judgment on his nominally affirmative defense of qualified immunity [Dkt. No. 39].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 17, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE